IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

COSTA J. ALTON, JR.,

        Plaintiff,

  v.

STATE OF ALASKA, ALASKA MARINE
HIGHWAY SYSTEM and ALASKA
STATE EMPLOYEES ASSOCIATION,
AFSCME LOCAL 52, AFL-CIO,

        Defendants.

Case No. 1:13-cv-00008-SLG

## ORDER GRANTING MOTIONS TO DISMISS

Plaintiff Costa J. Alton, Jr. initiated this action on November 15, 2013 against Defendants State of Alaska, Alaska Marine Highway System ("AMHS") and Alaska State Employees Association ("ASEA").[1] AMHS is Mr. Alton's former employer.[2] ASEA is a labor union that represents State of Alaska employees.[3]

The Complaint alleges that on January 28, 2013, AMHS directed Mr. Alton to leave work and go to Tongass Substance Screening for random drug and alcohol testing pursuant to an agency policy.[4] Tongass Substance Screening provided Mr. Alton with a "Custody and Control Form" and told him to list his prescription medications on the back of the form.[5] Concerned that any information he provided might not be kept

---

[1] Docket 1 (Compl.).

[2] Docket 1 at 1–2 ¶¶ 2, 5 (Compl.).

[3] Docket 1 at 1 ¶ 2 (Compl.).

[4] Docket 1 at 1 ¶ 3 (Compl.).

[5] Docket 1 at 1–2 ¶ 4 (Compl.).

confidential, Mr. Alton "refused the test paid for by the state and decided to pay for and take the exact same test, reasoning that by engaging in a doctor-patient relationship, all information discussed would be held in confidence."[6] Mr. Alton returned to work, where he was informed that he was suspended due to his refusal to take the drug test.[7] On February 9, 2013, AMHS terminated Mr. Alton's employment.[8]

The Complaint contains three counts, two against AMHS (Counts 1 and 2) and one against ASEA (Count 3). Count 1 asserts AMHS violated Section 33.01 of the Collective Bargaining Agreement.[9] Count 2 asserts AMHS discriminated against Mr. Alton in violation of the Americans with Disabilities Act ("ADA").[10] And Count 3 asserts ASEA breached its duty of fair representation by refusing to bring AMHS's violation of Section 33.01 of the Collective Bargaining Agreement "to grievance under the terms of Alaska Statute 23.40.110."[11] The Complaint seeks "compensatory damages in the amount of $3,000,000.00 together with attorney fees and court costs."[12]

---

[6] Docket 1 at 2 ¶ 4 (Compl.).

[7] Docket 1 at 2 ¶ 4 (Compl.).

[8] Docket 1 at 2 ¶ 5 (Compl.).

[9] Docket 1 at 3 (Compl.). The Complaint alleges Section 33.01 of the Collective Bargaining Agreement prohibits AMHS from knowingly requiring ASEA members to perform work in violation of federal, state, or local law. It further alleges that Tongass Substance Screening, acting as a service agent for AMHS, violated 49 C.F.R. § 40.61(g) when it asked Mr. Alton to list his prescription medications. Docket 1 at 3.

[10] Docket 1 at 3–4 (Compl.).

[11] Docket 1 at 4 (Compl.). Alaska Statute 23.40.110 provides in relevant part: "A labor or employee organization or its agents may not . . . refuse to bargain collectively in good faith with a public employer, if it has been designated . . . as the exclusive representative of employees in an appropriate unit."

[12] Docket 1 at 4 (Compl.).

On February 24, 2014, AMHS filed a Motion to Dismiss the Complaint against it on Eleventh Amendment immunity grounds and for insufficient service of process.[13] On March 10, 2014, ASEA filed a Motion to Dismiss the Complaint against it for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[14] Mr. Alton filed a combined opposition responding to both motions,[15] and AMHS and ASEA each filed a reply.[16]

Thereafter, Mr. Alton filed a Reply in Support of Opposition to Motion to Dismiss.[17] AMHS filed a Motion to Strike this surreply because it is not authorized by Local Civil Rule 7.1.[18] Although procedurally AMHS is correct, the Court has considered Mr. Alton's surreply in deciding how to rule on AMHS's and ASEA's motions. Accordingly, the Motion to Strike will be denied.[19]

Oral argument was not requested by any of the parties and was not necessary to the Court's determination of the motions to dismiss. For the reasons discussed herein, the motions will be granted and this action will be dismissed.

---

[13] Dockets 9, 10 (AMHS Mot.).

[14] Dockets 14, 15 (ASEA Mot.).

[15] Dockets 16, 17 (Opp'n).

[16] Docket 21 (ASEA Reply); Docket 22 (AMHS Reply).

[17] Docket 23 (Alton Surreply).

[18] Docket 24 (AMHS Mot. to Strike).

[19] In the Motion to Strike, AMHS requests an opportunity to respond to Mr. Alton's surreply if the Court allows it to remain in the record. Docket 24 at 2 (AMHS Mot. to Strike). Because the Court will grant the motions to dismiss, this request will be denied as moot.

## I. AMHS's Motion to Dismiss will be granted and Counts 1 and 2 of the Complaint dismissed.

AMHS asserts that pursuant to the Eleventh Amendment of the United States Constitution, AMHS is immune to suit in federal court with respect to Mr. Alton's ADA claim (Count 2) and his contract claim (Count 1).[20]

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[21] Court decisions have interpreted this text to mean that neither citizens nor non-citizens of a state may sue the state, or a state agency,[22] for money damages in federal court without the state's consent.[23] But there is an exception to this general rule for federal claims if "Congress has abrogated state sovereign immunity under its power to enforce the Fourteenth Amendment."[24]

---

[20] Docket 10 at 6–10 (AMHS Mot.). AMHS also asserts that "[b]ecause sovereign immunity bars the Title I ADA claim in federal court, there is no federal law claim to warrant this court's assertion of supplemental jurisdiction over the contract claim, which is a purely state law claim." Docket 22 at 2 (AMHS Reply).

[21] U.S. Const. amend XI.

[22] *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997).

[23] *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Ne. Med. Servs., Inc. v. Cal. Dep't of Health Care Servs.*, 712 F.3d 461, 466 (9th Cir. 2013). "A waiver of Eleventh Amendment immunity must unequivocally evidence the state's intention to subject itself to the jurisdiction of the federal court." *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 758 (9th Cir. 1999).

[24] *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010).

### A. The Eleventh Amendment bars Mr. Alton's ADA claim against AMHS in federal court.

AMHS has not consented to being sued in federal court for the ADA violation alleged by Mr. Alton. The Eleventh Amendment therefore bars this claim in federal court unless Congress has abrogated the states' Eleventh Amendment immunity to ADA claims, and has done so pursuant to a valid exercise of its power to enforce the Fourteenth Amendment of the United States Constitution.

The ADA provides: "A State shall not be immune under the eleventh amendment . . . from an action in [federal court] for a violation of [the ADA]."[25] Clearly, this statute expresses a congressional intent to abrogate the states' Eleventh Amendment immunity to ADA claims. But AMHS asserts that "[i]n *Board of Trustees of the University of Alabama v. Garrett*, the United States Supreme Court held that although Congress unequivocally expressed its intent to abrogate the states' immunity, Congress acted outside the scope of its constitutional authority."[26]

In *Garrett*, plaintiffs filed suit in federal court against their employer, the State of Alabama, seeking money damages for alleged ADA violations.[27] The issue on appeal to the Supreme Court was whether, in enacting the ADA provision abrogating the states' Eleventh Amendment immunity, Congress acted pursuant to a valid exercise of its power under Section 5 of the Fourteenth Amendment.[28]

---

[25] 42 U.S.C. § 12202.

[26] Docket 10 at 9 (AMHS Mot.).

[27] *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 362 (2001).

[28] *Id.* at 363–64. Section 1 of the Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law" or "deny to any person within

The Supreme Court held that Congress was not constitutionally authorized to abrogate state immunity to ADA damages claims. The Court explained that Congress's Section 5 power is remedial; it may be "exercised only in response to state transgressions," or a pattern of unconstitutional conduct by states.[29] The Court also explained that the Equal Protection Clause of the Fourteenth Amendment does not require states to make special accommodations for the disabled "so long as their actions toward such individuals are rational."[30] The Court then examined the legislative record of the ADA and determined that Congress failed to "identify a pattern of irrational state discrimination in employment against the disabled."[31] Because the ADA was not "congruent and proportional" to a "pattern of discrimination by the States which violates the Fourteenth Amendment," the Court held that the ADA provision that purported to abrogate the states' Eleventh Amendment immunity was unconstitutional.[32] Therefore, AMHS is correct that under *Garrett*, the Eleventh Amendment bars plaintiffs from suing a state or state agency for money damages in federal court for violations of the ADA.

Mr. Alton asserts this case is distinguishable from *Garrett* because "the State of Alaska has, through the implementation of their drug and alcohol testing policy and

---

its jurisdiction the equal protection of the law." U.S. Const. amend XIV, § 1. Section 5 of the Fourteenth Amendment grants Congress the power "to enforce, by appropriate legislation, the provisions of [Article 1]." U.S. Const. amend XIV, § 5.

[29] *See Garrett*, 531 U.S. at 368.

[30] *Id.* at 367. The ADA provides greater protections for disabled individuals than the Constitution requires. *Id.* at 372.

[31] *Id.* at 368.

[32] *See id.* at 374.

through the use of their agent, Tongass Substance Screening, engaged in a pattern of discrimination against shore-side employees with [AMHS]."[33] But AMHS correctly points out in its reply that *Garrett* held Congress had not validly abrogated states' Eleventh Amendment immunity to suit in federal court because "*Congress* failed to document a pattern of discrimination against people with disabilities in state employment."[34] Mr. Alton cannot overcome the Eleventh Amendment bar by demonstrating that AMHS engaged in a pattern of discrimination. Accordingly, the Court will dismiss Mr. Alton's ADA claim.

### B. The Eleventh Amendment bars Mr. Alton's contract claim against AMHS in federal court, and even if it did not, this Court may not exercise supplemental jurisdiction over that claim.

Mr. Alton's contract claim against AMHS is a state law claim. The State of Alaska has consented to be sued for breach of contract in state court, but it has not done so in federal court.[35] The Eleventh Amendment therefore bars Mr. Alton's contract claim in federal court.

Even if the Eleventh Amendment did not bar Mr. Alton's contract claim, this Court would lack jurisdiction over that claim. In a case between parties of the same state, such as this case, "the doctrine of pendent jurisdiction provides the only basis for

---

[33] Docket 17 at 2 (Opp'n).

[34] Docket 22 at 3 (AMHS Reply) (emphasis in original).

[35] *See* AS 09.50.250 ("A person or corporation having a contract, quasi-contract, or tort claim against the state may bring an action against the state *in a state court* that has jurisdiction over the claim." (emphasis added)); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (waiver of immunity does not apply to federal court unless it "specifically indicate[s] the State's willingness to be sued in federal court").

federal jurisdiction over a state-law claim."[36] Under that doctrine, the federal courts' original jurisdiction over federal law claims "carries with it" jurisdiction over related state law claims.[37] But if there is no federal law claim, then there is no basis for a federal court to exercise jurisdiction over state law claims.[38] Here, because the Court has determined Mr. Alton's sole federal claim—the ADA claim against AMHS—cannot be heard in federal court, there is no basis for the Court to exercise supplemental jurisdiction over Mr. Alton's state law contract claim.

Mr. Alton asserts that Tongass Substance Screening employs a doctor to verify drug test results who does not reside in Alaska and is not board certified in Alaska.[39] Therefore, Mr. Alton asserts, this Court has "standing to hear this case under the Commerce Clause of the United States Constitution."[40] But as AMHS correctly points out in its reply, while the Commerce Clause empowers Congress "to enact laws regulating interstate commerce[,] . . . it does not extend subject matter jurisdiction to a

---

[36] *Hunter v. United Van Lines*, 746 F.2d 635, 649 (9th Cir. 1984).

[37] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164 (1997); *see also* 28 U.S.C. § 1367(a).

[38] *See Hunter*, 746 F.2d at 649 ("The federal court's jurisdiction over the state-law claim is entirely derivative of its jurisdiction over the federal claim.").

[39] Docket 17 at 2–3 (Opp'n).

[40] Docket 17 at 3 (Opp'n).

federal court to hear an individual's contract claim against a state."[41] Accordingly, the Court will dismiss Mr. Alton's contract claim.[42]

## II. ASEA's Motion to Dismiss will be granted and Count 3 of the Complaint dismissed.

Mr. Alton's breach of duty of fair representation claim against ASEA is also a state law claim.[43] Because the Court has determined Mr. Alton's sole federal claim—the ADA claim against AMHS—cannot be heard in federal court, there is no basis for the Court to exercise supplemental jurisdiction over Mr. Alton's state law claim against ASEA. Accordingly, the Court will dismiss Mr. Alton's breach of duty of fair representation claim.

## CONCLUSION

For the foregoing reasons, this Court is without jurisdiction to resolve Mr. Alton's claims. The Motion to Strike at Docket 24 is DENIED.[44] The Motions to Dismiss at Dockets 9 and 14 are GRANTED, and this action is DISMISSED.[45] This dismissal is

---

[41] Docket 22 at 4 (AMHS Reply).

[42] Because the Court is dismissing Mr. Alton's ADA and contract claims against AMHS on Eleventh Amendment immunity grounds and for lack of subject matter jurisdiction, the Court will not reach AMHS's arguments concerning insufficient service of process. *See* Docket 10 at 10–11 (AMHS Mot.).

[43] The Complaint asserts ASEA is "brought to this complaint under Section 301 of the National Labor Relations Act." Docket 1 at 4 (Compl.). However, ASEA correctly points out in its motion that the National Labor Relations Act does not apply to claims against public employee labor organizations such as ASEA. Docket 15 at 4 (ASEA Mot.) (citing 29 U.S.C. § 152(2)); *see also Ayres v. Int'l Bhd. of Elec. Workers*, 666 F.2d 441, 444 (9th Cir. 1982) ("We hold that section 301(a) of the [National Labor Relations] Act, 29 U.S.C. s 185(a), does not grant this court jurisdiction over the claims of an individual employed by a political subdivision of a state.").

[44] AMHS's request for an opportunity to respond to Mr. Alton's surreply is denied as moot.

[45] Leave to amend the Complaint is not being granted because amendment would be futile. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) ("Although leave to amend

without prejudice to Mr. Alton refiling his claims in state court.[46]  The Clerk of Court shall enter judgment accordingly.

DATED this 8th day of August, 2014, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

a deficient complaint shall be freely given when justice so requires, Fed. R. Civ. P. 15(a), leave may be denied if amendment of the complaint would be futile.").

[46] See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999) (dismissals based on Eleventh Amendment "should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court" (alteration in original) (quoting Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988))).